UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL N. KELSEY,

                              Plaintiff,

          v.                                          1:21-CV-985
                                                      (BKS/DJS)

BERNADETTE T. CLARK, *individually and in [her]
official capacity as Supreme Court Justice*,

                              Defendant.

**APPEARANCES:**

MICHAEL N. KELSEY
Plaintiff, *Pro Se*
16-A-4286
Hudson Correctional Facility
Box 576
Hudson, New York 12534

**DANIEL J. STEWART
United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk sent to the Court for review a Complaint filed by *pro se* Plaintiff Michael Kelsey. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, which the Court has granted.

- 1 -

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]– that the pleader is entitled to relief." *Id.* at

679 (quoting FED. R. CIV. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

In 2016, Plaintiff was convicted of "sexual abuse in the first degree, attempted sexual abuse in the first degree, forcible touching and endangering the welfare of a child." *People v. Kelsey*, 174 A.D.3d 962 (3d Dep't 2019).  Following media reports which discussed Plaintiff's alleged involvement in sexual abuse, he commenced a New York state court action for defamation against various parties. *See* Dkt. No. 1-1. Defendant was the judge assigned to the matter and issued a decision granting various motions to dismiss that action. *Id.*  Judge Clark granted the motions on various grounds, including a finding that at least as to some aspects of the claims asserted, Plaintiff was "libel proof" and thus certain claims were barred.  *Id.* at p. 7.  In this action, Plaintiff seeks to "question[] the . . . constitutionality, legitimacy, and applicability of the 'libel-proof' doctrine" which, in his view, is "a somewhat archaic legal doctrine invented by the federal Second Circuit Court of Appeals in 1975." Compl. at p. 1.  Plaintiff brings this Complaint seeking various declaratory relief related to Defendant's state court decision.

- 4 -

### C. Analysis of the Complaint

The Court recommends dismissal of the Complaint based on judicial immunity. The Second Circuit has held that "absolute immunity is appropriate for judges in the exercise of their judicial function." *Tulloch v. Coughlin*, 50 F.3d 114, 116 (2d Cir. 1995) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990)). Plaintiff contends that judicial immunity is inappropriate here because he seeks only a declaratory judgment as to which he claims immunity is unavailable. *See* Compl. at ¶¶ 16-18. Plaintiff's position should be rejected for several reasons.

Plaintiff is correct that "[t]he doctrine of judicial immunity does not shield judges from claims for prospective declaratory relief." *Krupp v. Todd*, 2014 WL 4165634, at *4 (N.D.N.Y. Aug. 19, 2014). However, "[a]bsolute judicial immunity bars declaratory judgment claims that are retrospective in nature in that they seek a declaration that a judge's past behavior has violated the Constitution." *Leathersich v. Cohen*, 2018 WL 3537073, at *4 (W.D.N.Y. July 23, 2018) (internal quotation omitted) (citing cases); *see also Moore v. City of New York*, 2012 WL 3704679, at *2 (E.D.N.Y. Aug. 27, 2012) ("Judicial immunity also bars . . . claims for retrospective declaratory relief."). A review of the Complaint makes clear that it is targeted at Judge Clark's prior decision in Plaintiff's state court matter. Throughout Plaintiff's Complaint he challenges the correctness of Judge Clark's decision. *See, e.g.*, Compl. at p. 6 ("Did the Defendant's . . . ruling constitute an unconstitutional denial" of rights); p. 11 ("Did the Defendant Judge's

- 5 -

branding of the Plaintiff" violate his rights); p. 17 ("Was the Defendant's designation of the Plaintiff as libel-proof an abuse of discretion"). Plaintiff seeks not to vindicate some prospective right, but a declaration that Defendant's prior judicial decision was erroneous. That clearly seeks retrospective relief and is barred. *Sibley v. Geraci*, 2020 WL 6041842, at *2 (W.D.N.Y. Oct. 13, 2020). The law is clear that neither "injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments." *Montesano v. New York*, 2006 WL 944285, at *4 (S.D.N.Y. Apr. 12, 2006) (citing *Huminski v. Corsones*, 396 F.3d 53 (2d Cir. 2005)).

Even if judicial immunity did not bar this claim, declaratory relief is inappropriate in any event. "Declaratory judgment is inappropriate when it is sought to adjudicate past acts." *Scheiner v. ACT Inc.*, 2013 WL 685445, at *3 (E.D.N.Y. Feb. 24, 2013); *see also Charles v. O'Garro*, 2018 WL 2926307, at *4 (D. Conn. June 11, 2018). "The proper avenue to challenge a judicial determination is on direct appeal, not by seeking a declaration that the presiding judge's prior decision violated the litigant's constitutional rights." *Montesano v. New York*, 2006 WL 944285, at *4.

Where the grounds for dismissal offer no basis for curing the defects in the pleading, granting leave to amend would be futile. *See Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). Here, the basis for dismissal is judicial immunity. Therefore, the defects in the pleading are substantive, and allowing Plaintiff leave to amend the Complaint would be futile. *See Jackson v. Pfau*, 523 Fed. Appx. 736, 737 (2d

Cir. 2013) (summary order).  Therefore, this claim should be dismissed with prejudice. *See Peterkin v. Intschert*, 2012 WL 386621, at *2 (N.D.N.Y. Feb. 7, 2012) (dismissing claim with prejudice on the basis of judicial immunity).

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 21, 2021
      Albany, New York

                                      Daniel J. Stewart
                                      U.S. Magistrate Judge