**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

MICHAEL N. KELSEY,

                               Plaintiff,                  1:21-cv-985 (BKS/DJS)

v.

BERNADETTE T. CLARK,

                               Defendant.

_____

**Appearances:**

_Plaintiff pro se:_
Michael N. Kelsey
16-A-4286
Hudson Correctional Facility
Box 576
Hudson, NY 12534

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

I.      **INTRODUCTION**

       Plaintiff pro se Michael N. Kelsey brought this action against Defendant Supreme Court

Justice Bernadette T. Clark under 42 U.S.C. § 1983 following Justice Clark's dismissal of

Plaintiff's state court libel action. (Dkt. No. 1). Plaintiff alleges that Justice Clark's ruling that

Plaintiff was "libel-proof" as a result of a criminal conviction[1] violated his rights to due process,

equal protection and access to the courts and Plaintiff seeks a declaratory judgment, under 28

U.S.C. § 2201, invalidating the libel-proof doctrine. (_Id._). Plaintiff seeks only declaratory relief.

(_Id._). The complaint was referred to United States Magistrate Judge Daniel J. Stewart for review

---

[1] Plaintiff was convicted in 2016 of sexual abuse in the first degree, attempted sexual abuse in the first degree, forcible touching, and endangering the welfare of a child. _People v. Kelsey_, 174 A.D.3d 962 (3d Dep't 2019).

under 28 U.S.C. §§ 1915(e) and 1915A. (Dkt. No. 5). On October 21, 2021, Magistrate Judge

Stewart issued a Report-Recommendation recommending that Plaintiff's complaint be dismissed

based on judicial immunity, and that dismissal be with prejudice because granting leave to

amend would be futile. (*Id.*). Plaintiff filed a timely objection to the Report-Recommendation.

(Dkt. No. 6). For the reasons set forth below, Magistrate Judge Stewart's recommendation to

dismiss the complaint without leave to amend is adopted.

## II.   STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and

recommendations that have been properly preserved with a specific objection. *Petersen v.*

*Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper

objection is one that identifies the specific portions of the [report-recommendation] that the

objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl.*

*Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted).

Properly raised objections must be "specific and clearly aimed at particular findings" in the

report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven

a pro se party's objections to a Report and Recommendation must be specific and clearly aimed

at particular findings in the magistrate's proposal . . . ."  *Machicote v. Ercole*, No. 06-cv-13320,

2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation

omitted). Findings and recommendations as to which there was no properly preserved objection

are reviewed for clear error. *Id*.

## III.   DISCUSSION

Magistrate Judge Stewart noted that while the doctrine of judicial immunity does not

preclude claims for prospective declaratory relief, it "bars declaratory judgment claims that are

retrospective in nature in that they seek a declaration that a judge's past behavior has violated the

Constitution." (Dkt. No. 5, at 5) (quoting *Leathersich v. Cohen*, No. 18-cv-6363, 2018 WL 3537073, at *4, 2018 U.S. Dist. LEXIS 123135, at *9 (W.D.N.Y. July 23, 2018)). Magistrate Judge Stewart concluded that the complaint "challenges the correctness of Judge Clark's decision" and that Plaintiff's request for a "declaration that [Justice Clark's] prior judicial decision was erroneous . . . clearly seeks retrospective relief and is barred." (Dkt. No. 5, at 5–6). Magistrate Judge Stewart further noted that even if judicial immunity did not bar Plaintiff's claim, declaratory relief is inappropriate because declaratory relief is not available "to adjudicate past acts." (*Id.* at 6) (quoting *Scheiner v. ACT Inc.*, No. 10-cv-0096, 2013 WL 685445, at *3, 2013 U.S. Dist. LEXIS 25204, at *10 (E.D.N.Y. Feb. 24, 2013)). Instead, the remedy for an aggrieved party is a direct appeal. *Montesano v. New York*, Nos. 05-cv-9574, 05-cv-10624, 2006 WL 944285, at *4, 2006 U.S. Dist. LEXIS 18677, at *13 (S.D.N.Y. April 12, 2006). Magistrate Judge Stewart recommended dismissal with prejudice because the defects in pleading were substantive, and granting leave to amend would be futile. (Dkt. No. 5, at 6–7).

Plaintiff has filed an objection to the Report-Recommendation, arguing that judicial immunity does not bar his claim because his complaint is "a challenge to the libel-proof doctrine," and the complaint seeks prospective relief, not retrospective relief. (Dkt. No. 6). Plaintiff asserts that his claim is prospective because: he is seeking to prevent "*future* ramifications" of the doctrine to him; "the libel-proof label is a *continuing* violation of [his] constitutional rights;" and he seeks to "prevent[ ] judges from applying such a doctrine to other litigants in the *future*." (Dkt. No. 6, at 4). Plaintiff also asserts that he is not seeking to reverse Justice Clark's decision dismissing his libel action, but only challenging Justice Clark's ruling as to the libel-proof doctrine, and the libel-proof designation. (Dkt. No. 6, at 2–3).

The Court has reviewed Plaintiff's objections to the Report-Recommendation de novo, and concurs in Magistrate Judge Stewart's analysis. Where a complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective," then declaratory relief is not barred by immunity. *See Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). However, "[a] declaration dealing with court proceedings that have already occurred would be retrospective." *Treistman v. McGinty*, 804 Fed. App'x 98, 99 (2d Cir. May 14, 2020). Here, Justice Clark has ruled on the issue of whether Plaintiff is libel-proof. Plaintiff's challenge to that ruling is retrospective: he is not seeking to prevent a present, continuing violation of the law. *Cf. MacPherson v. Town of Southampton*, 664 F.Supp. 2d 203, 211 (E.D.N.Y. 2009) (noting that the plaintiff's request for a "declaration that the Justices' enforcement of the Town rental law constitutes a continuing violation of the Constitution," would constitute prospective declaratory relief, "not barred by judicial immunity"). Plaintiff's claim is properly characterized as retrospective.

To the extent Plaintiff asserts that he is seeking prospective relief because he is seeking to prevent "future ramifications to [himself]" and to "prevent[ ] judges from applying such a doctrine to other litigants in the *future,*" that would not present an existing case or controversy for which declaratory relief could be granted. (*See* Dkt. No. 6, at 4). Plaintiff's claim regarding the *potential* application of Justice Clark's ruling to himself in other potential cases and the *potential* application of the ruling to other litigants does not satisfy the case-or-controversy requirement of Article III of the Constitution. *See Medlmmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (noting, in a declaratory judgment action, that to satisfy the case-or-controversy requirement a dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief

through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts") (citations and internal marks omitted); *see*, *e.g.*, *Francis v. Pellegrino*, 224 Fed. App'x 107, 108-09 (2d Cir. May 21, 2007) (finding no "existing case or controversy for which declaratory or injunctive relief could be granted" when the plaintiff's claim was "fully adjudicated" and he "cannot allege that [the judges] are actually or imminently interfering with his access to the courts").

As Magistrate Judge Stewart concluded, because the defects in the complaint are substantive, any amendment would be futile.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 5) that the complaint be dismissed without leave to amend is **ADOPTED;** and it is further

**ORDERED** that plaintiff's complaint is **DISMISSED without leave to amend**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  December 3, 2021
            Syracuse, New York

Brenda K. Sannes
U.S. District Judge